UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
<u>MCALLEN</u> DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **GARCIA GRAIN TRADING CORP.,** | § | **CASE NO. 23-70028** |
|     Debtor | § | **Chapter 11** |

---

| | | |
|---|---|---|
| **GARCIA GRAIN TRADING CORP.,** | § | |
|     Plaintiff, | § | |
| | § | **ADVERSARY NO. 23-07002** |
| v. | § | |
| | § | |
| **RODOLFO PLASCENCIA, SR., and** | § | |
| **WNGU PROPERTIES, LLC** | § | |
|     Defendant | § | |

**DEFENDANTS' REPLY TO THE PLAINTIFF'S OBJECTION AND
RESPONSE [ECF # 19] TO THE DEFENDANTS' MOTION TO DISMISS [ECF # 17]**

Defendants RODOLFO PLASCENCIA, SR (**"Plascencia"**) and WNGU PROPERTIES, LLC (**"WNGU"**) (collectively **"Defendants"**) file this Reply to the Objection and Response [ECF # 19][1] (the **"Response"**) filed by the Plaintiff as to the Defendants' Motion to Dismiss [ECF # 17] (the **"MTD"**).

**The Response *improperly* relies on outside evidence in a failed
effort to show that the Complaint states a claim as to Property 2**

1.    By way of background, with regard to Property 2, the MTD asserts that the Complaint fails to plead *any* claim as to Property 2. *See* MTD at Para 22.

---

[1] Defendants further object to the Response on the ground that the Response does not contain a certificate of conference and therefore fails to comply with the following Local Rule of this Court. BLR 7007-1, which applies to "Motions in Adversary Proceedings," states that "Motion practice in adversary proceedings is governed by BLR 9013-1." BLR 9013-1(g)(1) states that "Responses must include a certificate either that (i) a conference was held and that the parties were unable to resolve the matter; or (ii) the specific dates that the respondent attempted to contact the movant and the reason why no conference was held."

1

2. The Response's only definitive argument for why the Complaint supposedly alleges a claim as to Property 2 is to rely on a "Notice of Lis Pendens" document. *See* Response at Footnote 1. However, because the Complaint is silent regarding said Notice of Lis Pendens document, said document cannot be considered in deciding the MTD. See *In re Venator Materials PLC Sec. Litig.*, 547 F. Supp. 3d 624, 647 (S.D. Tex. 2021), to-wit:

> The court must also generally limit itself to the contents of the pleadings and its attachments. A notable exception allows a defendant to attach documents or other undisputed materials **if** they are referred to in the complaint and are central to the claim.

*Id*. at 647 (emphasis added) (internal citations omitted)

### As to Property 1, the Response fails to demonstrate that the Complaint states a cognizable "Interest of the Debtor" in said property.

3. The Response does not indicate any disagreement with the MTD's assertion that the Complaint concedes that Property 1 was transferred by non-debtors, rather than by the Debtor. Cf. MTD at Para 1, 11, 14 *with* Response

4. The Response does, however, make the following lone effort to show that the Complaint (somehow) pleads a plausible basis for "an **interest of the debtor** in" Property 1 (which is an absolute requirement of 547, 548, and TUFTA) is as follows:

> "Plaintiff sufficiently established its rights, title, and/or interest in all transferred Properties, whether **by title** or **equitable interest by virtue of having funded the purchase of** all of those Properties in the first place."

Response at Para 13 (emphasis added).

5. Starting with the above reference to "by title," the Complaint does *not* allege *anywhere* that the Debtor had *legal* title to the Properties. *Nor* does the Complaint contain *any* reference to any "equitable interest."

2

6. The Complaint does, however, allege "equitable title." *See* Complaint at Para 15. **But**, as to "equitable title," the Response **fails to respond** to any of the MTD's arguments and case law as to why the Complaint does not plead a cognizable basis under Texas law for "equitable title". *See* MTD at Para 15-19. The Response completely fails to respond to said paragraphs of the MTD. Thus, the Court should presume that the Plaintiff concedes that the Complaint does not plead equitable title. *See Sabine Pipe Line, LLC v. A Permanent Easement of 4.25 +/- Acres of Land in Orange Cnty., Texas*, 327 F.R.D. 131, n. 5 (E.D. Tex. 2017) ("In its **response**, Sabine **does not address this argument**. **Thus**, the **court presumes** that Sabine **concedes** that its suit for declaratory and injunctive relief is not outside the parameters of the Eleventh Amendment.")

7. For example, the MTD cites Texas case law holding that, in order to have equitable title, one must possess the "present right to compel legal title". *See* MTD at Para 16 (which cites to case law and also provides additional legal standards). And, the MTD asserts that "the Complaint fails to allege or state any basis for why, at the time of the transfer, the Debtor had a 'present right to compel legal title' to Property 1." MTD at Para 17-18. **Importantly**, the Response **does not respond** thereto and **expresses no disagreement with** said position. Thus, the Court should presume that said position is conceded by the Plaintiff. *See Sabine Pipe Line, LLC*, 327 F.R.D. at n. 5

8. The Response merely alleges an "equitable interest[2] by virtue of having funded the purchase." **However**, the Response does not explain said argument. That is, the Response does not explain *how* merely providing purchase monies could vest the Debtor with the "present right to compel legal title" to the property. Nor does the Response cite any case law for said position. For those reasons, the Response inadequately briefs said position.

---

[2] Actually, the Complaint is ***totally silent*** regarding "equitable **interest**." The Complaint merely alleges "equitable **title**." And, "equitable title" is alleged only as to Property 1, not as to Property 2. *See* Para 15 of Complaint.

3

*Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim."); *In re Munn*, 643 B.R. 141, n. 13 (N.D. Tex. 2022) (mere raising of an argument without any discussion of it deemed inadequately briefed and the court cited to "abandonment" case law). Even if the Response does adequately brief said position (which is denied), the Complaint's mantra of the-Debtor-paid-the-purchase-price is simply not sufficient to plead equitable title under Texas law, including for the reason that the Complaint totally fails to plead any basis for the "present right to compel legal title" on the part of the Debtor (if any basis exists). *See* MTD at Para 15-21 and the case law cited therein.

9. In summary, the Response merely parrots the Complaint's allegation regarding purchase monies, without addressing the Texas case law cited in the MTD. Nor does the Response provide any explanation or cite any case law showing that merely proving purchase monies is sufficient to plead equitable title under Texas law. The Response, therefore, inadequately supports the Complaint's conclusory "equitable title" assertion.

10. The Response also suggests that whether or not equitable title exists (somehow) depends on whether or not Baldemar Cantu and Rodolfo Plascencia, Sr. had "knowledge" that the purchase monies came from the Debtor. See Para 38 of the Response. Said portion of the Response does not cite to the Complaint. But even assuming arguendo that the Complaint pleads that Baldemar Cantu and Rodolfo Plascencia, Sr. had knowledge that the purchase monies came from the Debtor, the Response fails to explain the relevance thereof. Indeed, the Response does not explain why alleging the existence of such knowledge (even if pled here) would be enough to plead a basis for equitable title under Texas law. Thus, said argument is inadequately briefed. *See Cinel*, 15 F.3d at 1345; *Munn*, 643 B.R. at n. 13

**As to Property 2, the Response fails to demonstrate that the Complaint states a cognizable "Interest of the Debtor" in said property.**

11. As to Property 2, the same above arguments apply and are incorporated herein.

12. As to Property 2, the Debtor's position is even more hopeless (compared to Property 1) because the Complaint simply does not allege *any* basis for asserting an "interest of the Debtor" in Property 2. In other words, the Complaint does not even bother to allege "equitable title" as to Property 2. (In Contrast, the Complaint does allege "equitable title" as to Property 1, albeit without pleading any basis for same under Texas law, as explained above.)

13. Although the *Response* alleges, as to Property 2, that "Baldemar Salinas Cantu" "had purchased that property with funds obtained entirely from Garcia Grain"; however, the Response fails to show that such allegation is contained anywhere in the Complaint (i.e., does not pinpoint where, if anywhere, in the Complaint such allegation is present).[3] And, even assuming that the Complaint contains such allegation (which is denied), a non-debtor's use of funds "obtained" from the Debtor (which could have been "obtained" for a number of reasons; and which, here, is devoid of any indication of timeframe, i.e., "obtained" when?) does not somehow provide the Debtor with equitable title to whatever is ultimately purchased with those funds under Texas law; and the Debtor fails to provide any explanation or case law for why it would. Thus, said argument is inadequately briefed. *See* Cinel, 15 F.3d at 1345; Munn, 643 B.R. at n. 13

14. In summary, the *Complaint* does not assert "equitable title" with respect to Property 2 and the *Response* introduces a new allegation (i.e., payment of purchase monies as to Property 2) of which the Complaint is silent and, even if the Complaint did plead same, the Response provides inadequate briefing (no explanation, no citation to authority) responsive to the MTD's

---

[3] *See* Dragoslavic v. Ace Hardware Corp., 274 F. Supp. 3d 578, 582 (E.D. Tex. 2017) ("'[M]atters or theories **raised in a response** are **not part of the pleadings'** and **do not supplement the allegations in the complaint."**) (internal citations omitted)

5

briefing as to why an allegation of providing purchase monies (much less a vague conclusory one) would be insufficient under Texas law to state a basis for equitable title (which, again, the Complaint does not even bother asserting as to Property 2).

**The Response does not express any disagreement with the MTD's position that the Complaint fails to show *"how"* the Debtor did not receive reasonably equivalent value, including the failure to *"break down each transfer."***

15. The Response **does not respond** to the MTD's positions that (1) a complaint must state **"how"** the Debtor did not receive "reasonably equivalent value" (see MTD at Para 24 citing case law from this Court); (2) the Complaint does not allege any facts as to the **value of the releases** in the settlement agreement (MTD at Para 25); (3) the Complaint does address the **value of the shares conveyed back to the Debtor** which Paragraph 13 of the Complaint admits that Plascencia conveyed to the Debtor as part of the settlement (MTD at Para 25); and (4) the Complaint **fails to "break down each transfer"** to show how the Debtor did not receive reasonably equivalent value (see MTD at Para 26-27 citing case law from this Court). Thus, the Court should presume that said positions are conceded by the Plaintiff. *See Sabine Pipe Line, LLC*, 327 F.R.D. at n. 5

16. The Response argues that:

> "Plaintiff also sufficiently alleged that it received less than a reasonably equivalent value in exchange for those Transfers. In support, Plaintiff sufficiently identified the five lawsuits ('Lawsuits') constituting the subject matter of the release executed pursuant to the Settlement Agreement by their captions and case numbers."

Response at Para 9

17. **However**, merely identifying the five lawsuits does **not** satisfy the burden to show "how" the Debtor did not receive "reasonably equivalent value"; and it certainly does not "break down each transfer". *See* MTD at Para 24-27 and case law cited therein. For example, merely

6

identifying the five lawsuits does not address the value of releasing the claims pled in those lawsuits; nor does it address the value of the *other* components of the settlement (e.g., the value of the shares conveyed back to the Debtor). And it surely does not "break down each transfer". *See id*.

18. The Response argues, **without citing any case law**, that:

> "Plaintiff need not delve deeper into the details of each Lawsuit to argue in what way the value received by the Debtor in each was less than reasonably equivalent to what the Debtor was forced to give up in exchange, which would have required a mini trial for each Lawsuit."

19. First of all, the Complaint provides *no* "details" as to the lawsuits; it simply identifies the lawsuits. And, *even if* the Complaint provided details about the lawsuits, that would not be enough. *See* MTD at Para 24-27 and case law cited therein. And Plaintiff does not cite any case law to the contrary. As for the Plaintiff's above "mini trial" comment, the Plaintiff is just being dramatic; the MTD does not say anything about a "mini trial" being necessary. What is required, however, is far more than simply identifying the five lawsuits, which is the extent of the Complaint's treatment of reasonably equivalent value. As for what is required, *see* MTD at Para 24-27 and the case law cited therein and *see* above Paragraphs of this Reply.

20. The Response also argues, **without citing any case law**, that:

> "Plaintiff has made a sufficient and plausible claim in that regard, saying, to paraphrase, that there was a discrepancy between the amount in controversy in those Lawsuits, not to mention the doubtful veracity of the claims against the Debtor in those Lawsuits, and what the Debtor was forced to give up in order to settle them. (See Complaint, p. 7-8, para. 25-26)."

21. However, said language is completely conclusory (and is also frankly difficult to comprehend). Also, the above language fails to provide any *substance* as to **"how"** the Debtor did not receive "reasonably equivalent value," much less do so **as to each** of the transfers. See case law from this Court cited in the MTD at Para 24-27. Also the above language is silent regarding

7

the amount of any value and does not account for the value of other aspects of the settlement, such as the transfer of shares, as explained above.

### The Complaint fails to plead (aside from conclusory statements) that Defendants are "Insiders," and the Response does not show otherwise.

22.     Regarding "insiders," the Response repeatedly states that the settlement agreement contains language stating that Defendant entered the agreement in a derivative capacity. However, the Complaint itself does **not** reference same as a ground for alleging that Defendants are "insiders."

23.     And, even if same was pled (which is denied), Plaintiff does not explain how having "derivative capacity" language in a settlement agreement would make one an insider. And, thus, said argument is inadequately briefed and, thus, abandoned.[4] A mere statement that one derivatively binds an entity does not make it so. And, it does not mean that the party making the statement has been given the authority by the entity to do so. Also, the Plaintiff does not cite any case law in support of the proposition that having such language in a settlement agreement (even if pled in the Complaint, which it is not) would render one an insider.

24.     The Complaint's language is simply insufficient to plead "insider." As the MTD asserts, "Although it is true that the Complaint alleges that Plascencia was a 'director, officer, and a person in control of the Debtor,' (Para 8), it fails to **explicitly** state that Plascencia held those roles *at the time of* the alleged transfers." *See* MTD at Para 39. And, importantly, the **Response** does not disagree with said position. The **Response**, instead, takes the position that those roles were held by Plascencia at the time of formation of the settlement agreement (which is denied by Plascencia) but, regardless, it is not an indication of disagreement that the Complaint fails to *definitely* state that Plascencia held those roles *at the time of* the alleged transfers.

---

[4] *Cinel*, 15 F.3d at 1345; *Munn*, 643 B.R. at n. 13

8

25. And, actually, in the Response, the Plaintiff *attempts* to distance itself from said language of the Complaint. *See* Response at Para 28 ("the fact that the actual execution and recording of those Transfers happened a number of weeks later does not change the analysis because the Transfers were already compelled by the signed Settlement Agreement.") But, the language of the Complaint is the focus. And, here, the Complaint indicates that the (alleged) transferers occurred "on September 30, 2022." See, e.g., Para 16 "On September 30, 2022, 'Property 1' was transferred from Alamo Grain to Rodolfo Plascencia, Sr. (General Warranty Deed, Hidalgo County, Document Number 3384705),"

26. Both the Complaint and the Response fail to provide more than conclusory assertions (which are supposed to be ignored) regarding the "control or influence" tests[5] for insider status. Also, the Complaint's allegations are off point as to said test. Starting with the "closeness of the relationship" prong, the Complaint fails to address same *as of the time of the transfers*. The Complaint merely alleges that "Rodolfo Plascencia, Sr. is a founding director of the Debtor and was an officer and director of the Debtor for more than 20 years at the time of the Settlement Agreement." However, said language does not plead Plascencia's role *as of the time of the transfers*. *See* 10 USC § 547(b) ("…if such creditor **at the time of such transfer** was an insider.") And, here, the Complaint indicates that the (alleged) transferers occurred September 30, 2022, not on the date of the settlement agreement (July 26, 2022). See, e.g., Para 16 of Complaint.

27. On said issue, the Response is conclusory, as well. The Response cites non-5th Circuit cases for the proposition that: "'an insider may be any person or entity whose relationship with the debtor is sufficiently close so as to subject the relationship to careful scrutiny.'" Even if

---

[5] (1) the closeness of the relationship between the transferee and the debtor; and (2) whether the transactions between the transferee and the debtor were conducted at arm's length. *Matter of Holloway*, 955 F.2d 1008, 1011 (5th Cir. 1992) (internal citations omitted)

arguendo said "careful scrutiny" case law applies in this circuit, the Response's *application* of said case law merely consists of: "In this case, the transfers surrounding the Settlement Agreement signed by Rodolfo Plascencia, Sr., a founding member of the Debtor, on behalf of the Debtor, certainly deserve some scrutiny." Other than said certainly-deserve-some-scrutiny statement, no further application / explanation is provided. Therefore, Plaintiff has inadequately briefed said argument, which is, thus, abandoned. <u>Cinel</u>, 15 F.3d at 1345; <u>Munn</u>, 643 B.R. at n. 13

28.     As for the second prong, the Response simply contains a conclusory statement of "not arms length." *See* Response at Para 31 (the second half of said paragraph). And, **the Response does not address any of the following "arm's length" points raised in the MTD:** Regarding the "arm's length" prong, the Complaint concedes that the parties were adversaries in the litigation leading up to the transfers. And, the Complaint does not indicate that any of the parties were not represented by counsel. And, the Complaint fails to plead facts of the nature and magnitude necessary to demonstrate the arm's-length prong. Nor does the Response address the MTD's application of this Court's <u>Chapman</u> case. As to all of the positions referenced in this paragraph, the Court should presume that said positions are conceded by the Plaintiff. *See* <u>Sabine Pipe Line, LLC</u>, 327 F.R.D. at n. 5

### The Response is silent regarding the Complaint's failure to "plead *how* the [transfers] diminished or depleted Debtor's estate."

29.     As per this Court's <u>Chapman</u> case, a plaintiff must "plead **how** the [transfers] diminished or depleted Debtor's estate." The Response is silent regarding <u>Chapman</u>. The Response is also devoid of any discernable response to the MTD's assertion that the Complaint fails to plead *how* the transfers diminished or depleted Debtor's estate. The Response merely identifies the following-described portion of the Complaint:

10

"the Complaint provided, among others, that 'the size of Debtor's estate would have been significantly bigger had the property including the Alamo Elevator ("Property 1") and the $200,000 cash not been transferred to Plascencia; therefore, there would have been a larger amount of assets for creditors to recover.' (See Complaint, p. 10, para. 35)."

Response at Para 26

30. However, the above is conclusory and does not reveal "how" the Estate was diminished / depleted. For example, the above is *silent* regarding (and, thus, fails to account for) the *benefits* to the Estate realized by the Settlement Agreement, i.e., the value of the settlement agreement's releases of claims against the Debtor and the value of the shares that were transferred back to the Debtor, which are expressly referenced in the Complaint in Para 13.

### "Antecedent Debt"

31. The Response **fails to address or satisfy** the MTD's **case law** holding as follows: (1) a complaint must address the *nature* and *amount* of the antecedent debt to survive a motion to dismiss; (2) a plaintiff must do so as to *each transfer*; and (3) in order to satisfy said "nature" requirement, it is proper to "look behind" the settlement. Said case law is cited in the MTD at Para 51-52. Thus, the Court should presume that said positions are conceded by the Plaintiff. *See* <u>Sabine Pipe Line, LLC</u>, 327 F.R.D. at n. 5

32. As to "antecedent debt," the Response (at Para 40) relies on three paragraphs of the Complaint (Para 23, 58 & 61), each of which will now be examined. **Para 23** of the Complaint *conclusorily* states that the **pre**-settlement payments are "for or on account of an antecedent debt owed by the Debtor before such Transfers were made". Said paragraph is *silent* as to the *"nature"* and *"amount"* of said unspecified "debt"; much less does it tie same to "each transfer." Cf. case law cited in MTD at Para 51-52. **Para 58** of the Complaint is another conclusory reference to "for or on account of an antecedent debt," which does not address the *"nature"* and *"amount"* thereof; much less does it tie same to "each transfer." **Para 61** of the Complaint (which is the final

11

paragraph cited in the Response) provides a *bit* more information. It states "an antecedent debt that formed the basis of the five Lawsuits (Lawsuit Nos 1 through 5)." So, yes, this paragraph provides *some* information (i.e., says that the "antecedent debts" are those that "formed the basis of the five lawsuits"), **but** it is *still* silent regarding the *"nature"* and *"amount"* of said "debts"; much less does it tie those debts to "each transfer."

33. One (of the many) unknowns occasioned by the Complaint's above-described omissions is: *how* do the *pre*-settlement payments (which occurred monthly over a period of **"five (5) years"**[6] *prior to* the formation of the settlement agreement) settle the same (alleged) "antecedent debt" for which the five lawsuits were ultimately settled (five years later)?

34. The Response *also* fails to address the case law cited in the MTD (at Para 52) for the proposition that the Complaint should "look behind" the settlement agreement to describe the nature(s) of the dispute(s) being settled. Said case law, which is unaddressed in the Response, applies here because Para 21-25 of the Complaint state that litigation cases were settled vis-à-vis a settlement agreement. The Complaint fails to plead facts that "look behind" the settlement agreement to describe the nature(s) of the dispute(s) being settled.

35. In summary, as to the alleged "transfers" (both pre- and post-settlement), the Complaint fails to reveal the *nature* and *amount* of the corresponding antecedent debt(s) and fails to tie same to "each transfer" and fails to "look behind" the settlement agreement.

**Whether the Complaint sufficiently pleads that "the Transfers enabled Rodolfo Plascencia, Sr. to receive more than he would have received if this case were a case under chapter 7 of title 11 of the Bankruptcy Code".**

36. The Response (at Para 41) cites only to Para 64 of the Complaint, which conclusorily states: "the Transfers enabled Rodolfo Plascencia, Sr. to receive more than he would

---

[6] Para 23 of the Complaint

have received if this case were a case under chapter 7 of title 11 of the Bankruptcy Code." Said statement is merely a "threadbare recital of an element, supported by mere conclusory statements" which categorically fails to survive a MTD, per case law cited in Plaintiff's own Response at Para 19 (quoting Supreme Court case). The Response (at Para 41) attempts to expand upon what is in the Complaint (albeit in a speculative and conclusory manner), however, regardless, the content of the Complaint (not the Response) is the focus of the dismissal inquiry. *See* <u>Dragoslavic v. Ace Hardware Corp.,</u> 274 F. Supp. 3d 578, 582 (E.D. Tex. 2017) ("'[M]atters or theories **raised in a response are not part of the pleadings**' **and do not supplement the allegations in the complaint."**) (internal citations omitted)

### **"Insolvent"**

37.     Regarding the "insolvent" element, the Response cites Para 10 & 11 of the Complaint. But those paragraphs are conclusory. Para 10 of the Complaint merely alleges that, at the time of the transfers / obligations, the "Debtor was engaged, or was about to engage, in business or transactions with StoneX and Grainchain, Inc. for which any assets remaining with the Debtor was an unreasonably small amount of capital under the circumstances." As for Para 11, although it provides a *bit* more information, it is still conclusory and *also* open ended and non-committal (including in terms of timing), especially the bold language as follows:

> "At the time the Transfers were made or the obligation was incurred, the Debtor was **in the process of** incurring debts to StoneX and Grainchain, Inc. that would be beyond the Debtor's ability to pay **as such debts matured**. Those debts have **eventually** led to a claim by Grainchain, Inc. in an amount of approximately $8.1 million and a claim of StoneX in an amount approximately $20 million."

Para 11 of Complaint

38.     Said allegations are conclusory and noncommittal, including, e.g., the above-bolded language which renders the timeframe open-ended rather than confining it to the time of

13

the transfers / obligations incurred. The above allegations fall far short of satisfying the threshold for pleading insolvency described by this Court in *All Texas*:

> For the fourth element, Plaintiff offers little or no factual support. Plaintiff was required to plead that it "was insolvent at the time of such transfer, or became insolvent as a result of such transfer or obligation." "Insolvent" is a defined term in the Bankruptcy Code. A corporate debtor is insolvent when the "sum of its debts is greater than all of its property, at a fair valuation ...."[85] Simply repeating the elements, Plaintiff pled generally that: (1) "ATE was insolvent on the date that such transfer was made or became insolvent as a result of such transfer"; (2) "was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with ATE was an unreasonably small capital"; and (3) "ATE intended to incur, or believed that ATE would incur, debts that would be beyond ATE ability to pay as such debts matured."[86] **Plaintiff provides no factual support for these assertions such as balance sheets or additional financial information. Even the pleadings themselves are entirely open ended and noncommittal**. **Furthermore, Plaintiff was required to plead and provide factual context for each individual transfer it sought to avoid.** By failing to carry its burden, Plaintiff has not satisfied the fourth element.
> Accordingly, Plaintiff's Claim D under §§ 548(a)(1)(B) and 550 as to NSPS Metals, LLC is **dismissed**.

*In re All Texas Elec. Contractors, Inc. V. NSPS Metals LLC*, No. 20-34656, 2022 WL 162786, at *8 (Bankr. S.D. Tex. Jan. 18, 2022) (emphasis added)

### The Response does not disagree with the MTD's assertion that the Complaint fails to plead that "Plaintiff made the transfers with actual intent to hinder, delay, or defraud its creditors."

39.     The MTD raises the same. *See* MTD at Para 5. Yet, the response is silent regarding the same. Thus, the Court should presume that said position is conceded by the Plaintiff. *See Sabine Pipe Line, LLC*, 327 F.R.D. at n. 5

### The Complaint fails to plead sufficient information about the "creditors" relief upon.

40.     The Response indicates that the Complaint identifies a few creditors. *See* Response at Para 33. First of all, merely identifying creditors is insufficient (as explained below). Moreover, the Response cites solely Para 11 of the Complaint. And, said paragraph merely states, in relevant part, that, at the time of the transfers, "the Debtor was *in the process of* incurring debts to" (emphasis added) two named third parties and "those debts have *eventually* led to a claim by

14

Grainchain, Inc. in an amount of approximately $8.1 million and a claim of StoneX in an amount approximately $20 million" (emphasis added). Said language *fails* to identify a creditor (with an allowable claim) who could have avoided each transfer withstanding to bring suit under TUFTA and into whose shoes the plaintiff could step for purposes of avoiding fraudulent transfers for each transfer and fails to indicate the dates of when such creditor(s)' claims (if any) arose. *See* case law and statutory language cited in the MTD at Para 30-33, of which the Response is silent.

### Prayer

41. For all the foregoing reasons, the Defendants request that the Court dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice, particularly given that the Response does not request leave to amend the Complaint, and for all further relief to which Defendants are entitled.

Respectfully submitted,

**VILLEDA LAW GROUP**

Antonio Villeda
avilleda@mybusinesslawyer.com
State Bar No. 20585300
Mark M. Talbot
mtalbot@mybusinesslawyer.com
State Bar No. 19618850
Cassandra Gonzalez
cgonzalez@mybusinesslawyer.com
State Bar No. 24125248
6316 North 10th Street, Bldg. B
McAllen, Texas 78504
(956) 631-9100 Telephone
(956) 631-9146 Facsimile
*Attorneys for Rodolfo Plascencia, Sr. and WNGU Properties, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on July 31, 2023 a true and correct copy of the aforementioned Reply to the Objection and Response filed by the Plaintiff as to the Defendants' Motion to Dismiss was served electronically through the electronic filing manager on the following:

Andrew Jimenez
U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. TRUSTEE
606 N. Carancahua Street, Suite 1107
Corpus Christi, Texas 78401
Andrew.jiminez@usdoj.gov

David R. Langston
MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408
drl@mhba.com

Shelby Jordan
JORDAN & ORTIZ, P.C.
500 North Shoreline Drive, Suite 900
Corpus Christi, Texas 78401
cmadden@jhwclaw.com

_____
Antonio Villeda