United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 15, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-70028 |
| GARCIA GRAIN TRADING CORP., | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| GARCIA GRAIN TRADING CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-7002 |
| | § | |
| RODOLFO PLASCENCIA, SR. | § | |
| and | § | |
| WNGU PROPERTIES, LLC, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
TO THE UNITED STATES DISTRICT COURT THAT
DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE BE GRANTED**
*Resolving ECF No. 59*

Pending before the Court is a single pleading filed by Rodolfo Placencia, Sr. and WNGU properties, LLC self-styled as "Demand for Jury Trial and Amended Motion to Withdraw the Reference" ("*Motion to Withdraw*").[1] For the reasons set forth *infra*, and as required by FED. R. BANKR. P. 5011 and Bankruptcy Local Rule 5011-1, this Court recommends that the reference be immediately withdrawn, but that the District Court then refer the instant adversary proceeding to the undersigned judge for adjudication of all pretrial matters, with the undersigned judge thereafter notifying the Honorable United States District Court when the dispute is ready to be tried.

**I. BACKGROUND**

---
[1] ECF No. 59.

A. **Procedural History**

On January 30, 2020, Garcia Grain Trading Corp. ("*Plaintiff*") filed the instant adversary proceeding ("*Complaint*") against Rodolfo Plascencia, Sr. and WNGU Properties LLC ("*Defendants*"), requesting relief in the following causes of action: (1) Count One – Claim Pursuant to 11 U.S.C. § 548(a)(1)(B) as well as TEX. BUS. & COM. CODE § 24.005(a)(2); (2) Count Two - Claim Pursuant to 11 U.S.C. § 548(a)(1)(A) as well as TEX. BUS. & COM. CODE § 24.005(a)(1); and (3) Count Three - Claim Pursuant to 11 U.S.C. § 547 ("*Claims*").[2] On February 9, 2024, Defendants timely filed their Motion to Withdraw the Reference, and Jury Demand.[3] Defendants have not filed a proof of claim in the Debtor's bankruptcy case nor have they consented to a jury trial before the Bankruptcy Court.

## II.   ANALYSIS

A. **Withdraw of the Reference Standard of Review**

The United States District Courts in the Southern District of Texas are authorized by 28 U.S.C. § 157(a) to automatically refer "cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code" to the United States Bankruptcy Courts.[4] Pursuant to § 157(d), the District Court may withdraw any case or proceeding referred under § 157 on its own motion or on timely motion of any party for cause shown.[5] Additionally, the District Court shall withdraw any case or proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulation organizations or activities that affect interstate commerce.[6] There are two provisions for

---

[2] ECF No. 62.
[3] ECF No. 59.
[4] *See* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[5] 28 U.S.C. § 157(d).
[6] *Id.*

withdrawal of the reference of cases to a bankruptcy court: mandatory and permissive withdrawals.[7] The Court will discuss each in turn.

### B. Mandatory Withdrawal of the Reference is Required

Mandatory withdrawal of the reference must be granted when the motion was timely filed and either (1) the proceeding involves a substantial and material question of non-Bankruptcy Code federal law and a non-bankruptcy code federal law at issue has more than a de minimis effect on interstate commerce, or (2) the movant seeking withdrawal has a valid Seventh Amendment jury trial right on the claims asserted against them.[8]

Here, Defendants do not assert, nor does this Court find, that this proceeding involves a substantial and material question of non-bankruptcy law.[9] Rather, Defendants assert that they are entitled to a jury trial on the claims presented against them in this adversary proceeding.[10]

Whether a valid, timely asserted jury demand has been made is dispositive in whether withdrawal should be granted because a bankruptcy judge lacks the authority to conduct a jury trial unless the parties consent.[11] As a result, if a party has invoked its Seventh Amendment jury trial right and does not consent to a jury trial in bankruptcy court, the reference must be withdrawn.[12] However, even if a jury trial is ultimately necessary, immediate withdrawal of the reference is not required. Instead, withdrawal may be deferred until the bankruptcy court has ruled on all dispositive motions, to further judicial economy and expedite the bankruptcy process.[13]

---

[7] *See id.*
[8] *In re National Gypsum Co.*, 145 B.R. 539, 541 (Bankr. N.D. Tex. 1992); *Benjamin v. United States* (In re Benjamin), Nos. 17-33255, 17-3321, 2021 Bankr. LEXIS 2400, at *4 (Bankr. S.D. Tex. 2021).
[9] ECF No. 59.
[10] *Id.*
[11] *See In re Clay*, 35 F.3d 190, 196-97 (5th Cir. 1994).
[12] *City Bank v. Compass Bank*, 2011 U.S. Dist. LEXIS 129654, at *11 (W.D. Tex. Nov. 9, 2011) (citing *In re Clay*, 35 F.3d at 196-97; *Levine v. Blake*, No: 07-32168, 400 B.R. 200, 205-07 (Bankr. S.D. Tex. Sept. 22, 2008)).
[13] *Levine v. M&A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008).

The right to a jury trial in adversary proceedings does not turn on whether, as a jurisdictional matter, the proceeding is core or non-core.[14] Instead, the analysis generally turns on whether the cause of action (1) is legal or equitable in nature; and (2) involves public or private rights.[15] Simply put, if the plaintiff seeks a legal remedy, the defendant has a right to jury trial, even if Congress has assigned the cause of action to the bankruptcy courts as a "core" proceeding.[16] Actions for damages or money judgments are legal in nature to which a right to a jury attach.[17] Moreover, the Fifth Circuit has held that a defendant in a fraudulent transfer or preference action who has not filed a claim in the bankruptcy case is entitled to a jury trial notwithstanding Congress' characterization of the actions as core proceedings.[18]

Here, all of the Claims asserted against Defendants in this adversary are fraudulent transfer or preference claims.[19] Defendants have also not filed a proof of claim in this case.[20] As such, this Court finds that Defendants are entitled to a jury trial on the Claims asserted in this proceeding. Since Defendants are entitled to a jury trial, withdrawal is mandatory and this Court need not consider permissive withdrawal.

### III.     CONCLUSION

---

[14] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).
[15] *See id.* at 53-54; *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 422–23 (5th Cir. 1998) (the Seventh Amendment preserves the right to a jury trial in "all actions in which legal rights are to be determined."); *In re Yazoo Pipeline Co.*, 459 B.R. 636, 641–42 (Bankr. S.D. Tex. 2011).
[16] *See id.*
[17] *Dairy Queen v. Wood*, 369 U.S. 469, 476 (1962); *see also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998) ("awards of actual damages and profits . . . generally are thought to constitute legal relief.").
[18] *In re Clay*, 35 F.3d 190, 194 (5th Cir.1994) (holding that defendants had Seventh Amendment right to jury trial on preference and fraudulent transfer claims and stating that "[r]egardless of whether one characterizes a proceeding as core or noncore, a case is not a public rights case if a litigant has a Seventh Amendment right to a trial by jury"); *Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 205 (S.D. Tex. 2008) (withdrawing reference and holding that defendants have a right to a jury trial on fraudulent transfer claims); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 54–55, 64 (1989).
[19] *See* ECF No. 62.
[20] *See* Claims Register.

For the reasons set forth in this Court's Report & Recommendation, this Court recommends that the reference be immediately withdrawn, but that the District Court then refer the Adversary Proceeding back to the undersigned judge for adjudication of all pretrial matters, with the undersigned judge thereafter notifying the Honorable United States District Court when the dispute is ready to be tried.

SIGNED February 14, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge