IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| GARCIA GRAIN TRADING CORP., | § § § § | Case No. 23-70028-EVR-11 |
| Debtor. | § | |
| GARCIA GRAIN TRADING CORP., | § § § § | |
| Plaintiff | § § | |
| v. | § § | Adversary No. 23-07002 |
| RODOLFO PLASCENCIA, SR. and WNGU PROPERTIES, LLC | § § § | |
| Defendants | § | |

**DEFENDANTS' MOTION FOR SANCTIONS
AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL
INCLUDING UNDER RULE 9011**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY

TO THE HONORABLE BANKRUPTCY JUDGE:

1

Defendants RODOLFO PLASCENCIA, SR and WNGU PROPERTIES, LLC (collectively the **"Movants"**) file this Motion for Sanctions Including Under Rule 9011 (the **"Motion"**) against the Plaintiff in the above-captioned case (the **"Plaintiff"**) and the Plaintiff's counsel, David R. Langston, Esq., of MULLIN HOARD & BROWN, L.L.P. (**"Plaintiff's counsel"**), and in support of this Motion the Movants would show the Court as follows:

Rule 9011

1. Fed. R. Bankr. P. 9011 authorizes the imposition of sanctions.

2. Rule 9011 states in relevant part:

    (b) Representations to the court

    \*\*\*\*

    (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

    \*\*\*\*

    (c) Sanctions

    If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Bankr. P. 9011

**Basis for Sanctions: The alleged "resulting trust" interests referenced in Plaintiff's Amended Complaint were extinguished by the mutual releases in the parties' pre-petition settlement agreement.**

3. Plaintiff's live pleading in this case is the Plaintiff's First Amended Complaint (**Dkt. 62**), the **"Amended Complaint"**.

2

4.	In the Amended Complaint, the Plaintiff alleges that resulting trusts exist with respect to Property 1 and Property 2. *See* Amended Complaint at, e.g., **Paras. 71, 73, and 90**. Said two properties are the real properties for which the Plaintiff seeks to avoid transfers in the above-captioned avoidance action. *See* Amended Complaint including **Paras. 51 - 56.** The Amended Complaint indicates that said alleged resulting trusts were formed at the time that Property 1 and Property 2 were originally acquired, which occurred in 2001 as to Property 1 and 2007 as to Property 2. *See* Amended Complaint at **Paras. 14, 16, 56, 61, 62, 74, 88, and 89.**

5.	The Amended Complaint's "resulting trust" positions are without basis because, *after* the alleged formation of said resulting trusts, the Plaintiff entered a pre-petition settlement agreement, which is described in the Amended Complaint, as follows. "On or about June 17, 2022, the parties involved in Lawsuit Nos. 1 through 5 as well as other related persons and entities attended a mediation session to resolve their disputes, which resulted in the signing of a Compromise and Settlement Agreement and Release Arising During Mediation (dated June 17, 2022) which was subsequently formalized as a Settlement Agreement and Mutual Release of Claims on July 26, 2022." Said July 26, 2022 agreement is attached hereto as Exhibit "A" and is referred to herein as the **"Settlement Agreement"**.

6.	The Settlement Agreement contains a *mutual release*. The existence of said mutual release is *conceded* by the Plaintiff in the Plaintiff's own Amended Complaint (**Dkt. 62**). *See* Amended Complaint at, e.g., **Para. 10 ("mutual release")**; **Para 23** (same); **Para 47** (same); **Para 58** (indicates that the "Settlement Agreement is **the mutual release** of all claims in the following five (5) lawsuits"); **Para 58(3)** (indicates that one of the lawsuits

3

that is the subject of said mutual release is regarding "**Property 2**"); **Para 58(4)** (indicates that one of the lawsuits that is the subject of said mutual release is regarding "**Property 1**").

7. Because said mutual release was entered by the Plaintiff *after* the formation of the alleged resulting trusts, the Plaintiff's "resulting trust" positions are devoid of legal and factual basis. That is especially so here given that the Settlement Agreement's mutual release provisions are extremely broad. See, for example, Paragraph 1 of the Settlement Agreement (Ex. "A"), which states that the following are released: "…**any and all** claims or causes of action **of whatever kind**, including, **but not limited to**, those claims which were **or could have been** asserted in Lawsuits Nos. 1-5 **as well as any and all** other claims or causes of action **at common law,** statutory **or otherwise**, which the Parties **may have or might have**, known or unknown, now existing or that may arise hereafter, directly or indirectly attributable to any act or omission by any party hereby released, it being intended by the Parties to release all claims **of any kind** between them **whether asserted** in Lawsuit Nos. 1-5 **or not**." (emphasis added)

8. Further demonstrating that the alleged resulting trust interests are within the scope of said mutual release is that the Amended Complaint itself alleges that the state court pleadings at issue (i.e., the state court lawsuits settled by the mutual releases) state that the properties at issue were purchased with funds from the Plaintiff. *See* Amended Complaint at, e.g., **Para. 59** As such, the Plaintiff cannot now take the position that said state court lawsuits concerned a different subject matter than the resulting trust.

9. Sanctions for claiming the existence of a **released** interest (i.e., the released resulting trust interest) should be viewed **similarly to sanctions resulting from filing a**

legal action barred by the statute of limitations. *See, e.g., Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1193-94 (5th Cir.1996) (**affirming sanctions against law firm for advancing claims barred by the statute of limitations**); see also, *Melgarejo v. 24 Hour Prof'l Janitorial Servs.*, No. 3:07-CV-1847-B, 2009 WL 27448, at *2 (N.D. Tex. Jan. 5, 2009) (**sanctions awarded** against defendant for prosecuting counterclaims **barred by the statute of limitations**)

10. Similarly, sanctions are appropriate here for filing and continuing to prosecute a pleading (i.e., the Amended Complaint) that alleges a resulting trust interest that has been released.

11. For the above reasons, the Court is asked to award sanctions against the Plaintiff and Plaintiff's counsel, consisting of minimally an award to the Defendants of reasonable attorneys' fees and costs, as described hereinbelow. **"There are no longer any free passes for attorneys and litigants who violate Rule 11.** Once a violation of Rule 11 is established, the rule **mandates** the application of sanctions." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 876 (5th Cir.1988) (en banc).

### Rule 9011's "Safe Harbor" Provision is Satisfied

12. Under certain circumstances, Rule 9011 requires a 21-day safe harbor period during which the violating parties may cure the violation. *See* 9011(c)(1)(A). The Movants would show that the safe harbor provision has been satisfied here because a copy of this Motion for Sanctions was served on Plaintiff (through its counsel) and also served on the Plaintiff's counsel. As of the date of the filing of this Motion with the Court, more than 21 days has elapsed since said service thereof. Said time period has afforded Plaintiff and Plaintiff's counsel ample opportunity to "withdraw or appropriately correct" the

complained-of allegations, as contemplated by 9011. Yet, Plaintiff and Plaintiff's counsel have failed to do so. Accordingly, Movants request an award of sanctions, as described below in the "Prayer."

### In the *Alternative* to 9011, this Court has Inherent Authority to Award Sanctions

13. In the alternative to Rule 9011, sanctions are sought pursuant to this Court's inherent authority. Federal district courts have said authority. *See Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) ("A district court has the inherent authority to impose sanctions in order to control the litigation before it.") (citations omitted). Similarly, bankruptcy courts have said authority. *See In re Moran*, 2013 WL 4519608, *4 (Bkrtcy.S.D.Tex. 2013) ("Under 11 U.S.C. § 105(a), bankruptcy courts have inherent sanction authority to deter and provide compensation for a wide range of improper conduct, provided that the Court make an explicit finding of bad faith.") As applied here, the arguments and authorities set out hereinabove apply equally in demonstrating the imposition of sanctions under this Court's inherent authority.

### Prayer

14. Movants pray that the Court enter an award of sanctions against Plaintiff and Plaintiff's counsel, including to award to Movants the reasonable expenses and attorney's fees incurred by Movants in presenting this Motion plus the reasonable expenses and attorney's fees incurred by the Movants in defending the above-captioned suit to date, plus grant to Movants all further relief to which the Movants are entitled.

Respectfully submitted,

**VILLEDA LAW GROUP**

*(signature)*

Antonio Villeda
avilleda@mybusinesslawyer.com
State Bar No. 20585300
Mark M. Talbot
mtalbot@mybusinesslawyer.com
State Bar No. 19618850
6316 North 10th Street, Bldg. B
McAllen, Texas 78504
(956) 631-9100 Telephone
(956) 631-9146 Facsimile
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I certify that on March 13, 2024, a true and correct copy of the aforementioned Defendants' Motion for Sanctions Against Plaintiff and Plaintiff's Counsel Including Under Rule 9011was served electronically through the electronic filing manager on the following:

Cynthia Gutierrez
1302 S. 10th Ave.
Edinburg, Texas 78539
cynthia@ccglaw.net

David Langston
MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Debtor, Garcia Grain Trading Corp.
dlangston@mhba.com

Shelby Jordan
JORDAN & ORTIZ, P.C.
500 North Shoreline Drive, Suite 900
Corpus Christi, Texas 78401
cmadden@jhwclaw.com

*(signature)*
Antonio Villeda