United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 17, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 23-70028** |
| **GARCIA GRAIN TRADING CORP.,** | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |
| | § | |
| **GARCIA GRAIN TRADING CORP.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 23-7002** |
| | § | |
| **RODOLFO PLASCENCIA, SR. and WNGU** | § | |
| **PROPERTIES, LLC,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION**

The Court issues the instant Memorandum Opinion to remind parties that gamesmanship and ambush tactics will not be tolerated in this Court. After Garcia Grain Trading Corp. ("*Plaintiff*") and its counsel Mr. David Langston expended an estimated $50,277.52 in fees and expenses and traveled to McAllen, Texas from Lubbock, Texas, for a scheduled hearing on Rodolfo Plascencia, Sr. and WNGU Properties, LLC's ("*Defendants*") motion for sanctions levied against both Plaintiff and its counsel Mr. David Langston, Defendants after entering their appearance and without notice to Plaintiff, withdrew their motion for sanctions. In response, the Court ordered fee shifting against Defendants and directed Plaintiff to file a fee application to recover costs associated with defending against the sanctions charged against it. The Court subsequently held a show cause hearing to give Defendants an opportunity to explain why the Court should not order fee shifting, yet Defendants failed to provide any explanation for their last-

minute withdrawal of their motion for sanctions. Accordingly, the Court issues this instant

Memorandum Opinion and accompanying Order.

## I.    FINDINGS OF FACT

This Court makes the following findings of fact and conclusions of law pursuant to Federal

Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal

Rule of Bankruptcy Procedure 7052. To the extent that any finding of fact constitutes a conclusion

of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact,

it is adopted as such. This Court made certain oral findings and conclusions on the record. This

Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency,

this Memorandum Opinion controls.

### A.  Background

1. For the purposes of this Memorandum Opinion and, to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Background Facts in this Court's June 24, 2024 Memorandum Opinion.[1]

2. On March 13, 2024, Defendants filed "Defendants' Motion for Sanctions Against Plaintiff and Plaintiff's Counsel Including Under Rule 9011"[2] ("*Motion for Sanctions*"), which requested sanctions against Plaintiff and its counsel.

3. On April 3, 2024, Plaintiff filed "Plaintiff's Amended Objection and Response To Defendant's Motion For Sanctions Against Plaintiff And Plaintiff's Counsel Including Under Rule 9011" ("*Plaintiff's Objection to Sanctions*").[3]

4. On May 17, 2024, the Court held a hearing on Defendant's Motion for Sanctions, where Defendants withdrew the Motion for Sanctions and the Court entered its verbal fee shifting order ("*Fee Shifting Order*") directing Plaintiff to file a fee application to recover from Defendants the fees and expenses related to its defense to the Motion for Sanctions.[4]

---

[1] ECF No. 109.
[2] ECF No. 79.
[3] ECF No. 88.
[4] May 17, 2024 Min. Entry.

5.  On May 31, 2024, Plaintiff filed its "Application For Fees And Expenses Associated With Its Defense Of The Motion For Sanctions Filed By Defendants" ("*Fee Application*").[5]

6.  On June 14, 2024, Defendants filed their "Defendants' Objections And Response To Debtor's Application For Fees And Expenses Associated With Debtor's Defense Of The Motion For Sanctions Filed By Defendants" ("*Objection to Fee Application*").[6]

7.  On July 8, 2024, the Court set a hearing for August 2, 2024 to determine the amount of fees to award to Plaintiff under the Fee Shifting Order.

8.  On July 16, 2024, Plaintiff filed its "Plaintiff's Reply To Defendants' Objections And Response To Plaintiff's Application For Fees And Expenses Associated With Its Defense Of The Motion For Sanctions Filed By Defendants" (the "*Reply to Objection to Fee Application*").[7]

9.  On July 23, 2024, Defendants filed their "Motion to Strike Untimely Reply" ("*Motion To Strike*").[8]

10. On July 24, 2024, the Court issued an order denying the Motion to Strike.[9]

11. On August 1, 2024, the Court issued an order cancelling the August 2, 2024, hearing and instead issued its order for show cause setting a hearing on September 6, 2024, to allow Defendants to show cause as to why the Court should not order fee shifting.[10]

12. On August 29, 2024, the Court issued an order continuing the September 6, 2024, hearing to October 15, 2024.[11]

13. On September 6, 2024, the Court issued an order continuing the October 15, 2024, hearing to November 7, 2024.[12]

14. On November 4, 2024, Defendants filed "Defendants' Response In Opposition To Show Cause Order" ("*Objection to Show Cause*").[13]

---

[5] ECF No. 102.
[6] ECF No. 108.
[7] ECF No. 116.
[8] ECF No. 117.
[9] ECF No. 118.
[10] ECF No. 122.
[11] ECF No. 128.
[12] ECF No. 132.
[13] ECF No. 139.

15. On November 7, 2024, the Court held a show cause hearing and took this instant matter under advisement.

16. On November 8, 2024, Defendants filed "Defendants' Supplemental Brief To Their Response In Opposition To Show Cause Order."[14]

## II.     CONCLUSIONS OF LAW

### A.  Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[15] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[16] This court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) this proceeding contains core matters, as it primarily involves proceedings concerning the administration of this estate.[17]

This Court may only hear a case in which venue is proper.[18] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." The main bankruptcy case of Plaintiff, who is the debtor, is pending in this Court so therefore, venue of this proceeding is proper.[19]

### B.  Constitutional Authority to Enter a Final Order

---

[14] ECF No. 147.
[15] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[16] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[17] *See* 11 U.S.C. § 157(b)(2)(A) & (O).
[18] 28 U.S.C. § 1408.
[19] Bankr. ECF No. 1. Citation to Plaintiff's main bankruptcy case no. 23-70028 will take the form of "Bankr. ECF No._"

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[20] The pending dispute before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).[21] This Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[22] Alternatively, this Court has constitutional authority to enter a final order because all parties in interest have consented to adjudication of this dispute by this Court.[23] Although the reference was previously withdrawn on request of the Defendants, the District Court subsequently granted Plaintiff and Defendants' agreed motion to refer this adversary proceeding back to this Court.[24] Thus, this Court wields the constitutional authority to enter a final order here.

### III.    ANALYSIS

### 1. Inherent Authority

Defendants assert that Bankruptcy Rule 9011 is the sole possible basis for fee shifting, and that the Court cannot award fees under Bankruptcy Rule 9011 as there is no "prevailing party," which is required for a court to award fees under Bankruptcy Rule 9011.[25] In the alternative,

---

[20] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).

[21] *See In re French Bourekas*, 183 B.R. 695, 696 (Bankr. S.D.N.Y. 1995) ("[T]he power to sanction parties for conduct in a core matter is itself core.").

[22] *See, e.g.*, *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).

[23] ECF No. 154; *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932, 1947, 191 L. Ed. 2d 911 (2015) ("Sharif con-tends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").

[24] ECF Nos. 154, 149.

[25] Nov. 7, 2024 Courtroom Hearing; ECF No. 108.

Defendants assert that there is no evidence of bad faith by Defendants that would allow the court to issue sanctions under its inherent powers.[26] The Court has not ordered fee shifting under Bankruptcy Rule 9011 and Plaintiff has not filed for a motion under Bankruptcy Rule 9011. Thus, the Court finds that Bankruptcy Rule 9011 is inapplicable to this matter and determines whether to order fee shifting pursuant to its inherent powers under 11 U.S.C. § 105(a).

The Supreme Court in *Chambers v. NASCO* held that federal courts have inherent power to sanction parties and their attorneys.[27] A federal court's inherent power to impose attorney's fees as a sanction is limited "to cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders."[28] A Court may also order sanctions pursuant to applicable procedural rules but such rules do "not repeal or modify existing authority of federal courts to deal with abuses . . . under the court's inherent power."[29] Indeed, the "inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct."[30] A court ordinarily should rely on relevant rules and statues, rather than the inherent power, but "if in the informed discretion of the court, neither the statute nor the rules are up to the task, the court may safely rely on its inherent power." [31]

The principles in *Chambers* regarding a court's inherent power to award attorney fees as sanctions are "equally applicable to the bankruptcy court."[32] Specifically, 11 U.S.C. § 105(a) "grants bankruptcy courts broad authority to implement the Bankruptcy Code and prevent abuses of bankruptcy process, powers inherent to district courts, as the Supreme Court recognized in

---

[26] ECF No. 147.
[27] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 53, 111 S. Ct. 2123, 2137 (1991).
[28] *Id..* at 47.
[29] *Id..* at 48.
[30] *Id.*
[31] *Id.* at 53.
[32] *Matter of Case*, 937 F.2d 1014, 1023 (5th Cir. 1991).

*Chambers*."[33] Section 105(a) authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11 of the United States Code].[34] Section 105(a) further provides that, "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."[35] For a bankruptcy court to sanction an attorney pursuant to its inherent power under § 105, it must find that the party being sanctioned acted in bad faith.[36]

Accordingly, the Court must now consider whether Defendants acted in bad faith in filing its Motion for Sanctions and withdrawing it upon the matter being called at the hearing on the Motion for Sanctions without advanced notice to Plaintiff's counsel, after counsel had expended time and expenses in preparing for their defense and traveling to McAllen, Texas from Lubbock, Texas to attend the hearing.[37]

## 2. Bad Faith

Bad faith conduct may be established if a court finds that a party "deliberately abused the judicial process."[38] While "abuse of process" under § 105(a) is not defined in the Bankruptcy Code, a few courts define it as "maneuvers or schemes which would have the effect of undermining the

---

[33] *In re Osborne*, 375 B.R. 216, 226 (Bankr. M.D. La. 2007) (collecting cases).
[34] 11 U.S.C. § 105(a).
[35] 11 U.S.C. § 105(a).
[36] *In re Cochener*, 382 B.R. 311, 326 (S.D. Tex. 2007) (citing *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001)). *rev'd on other grounds* 297 F. App'x 382 (5th Cir. 2008).
[37] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S. Ct. 2123, 2137 (1991) ("A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees.")
[38] *The Cadle Co. v. Moore* (*In re Moore*), 739 F.3d 724, 730 (5th Cir. 2014).

integrity of the bankruptcy system."[39] A finding of bad faith must be made under a "clear and convincing" evidentiary standard.[40]

On February 9, 2024, Plaintiff filed its "Amended Complaint To Avoid Fraudulent And Preferential Transfers" (the "*Complaint*"), which amended Plaintiff's original complaint that commenced this instant adversary proceeding.[41] In response, Defendants filed their Motion for Sanctions, asserting that Plaintiff failed to meet the Bankruptcy Rule 9011(b)(2) requirement that the "claims, defenses, and other legal contentions" in the Complaint "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."[42] Defendants assert that there is no evidence of bad faith and that the Motion for Sanctions was non-frivolous since the claims in the Complaint were meritless.[43]

Without considering the merits of the Motion for sanctions as the Defendants have already withdrawn it, the Court notes that the Motion for Sanctions and Complaint raised issues that require complex legal and factual analysis. Plaintiff's Complaint requests the Court to avoid as fraudulent and preferential transfers, the transfers of two properties, and a $200,000 cash payment to one of the Defendants as part of a July 26, 2022 settlement agreement.[44] Defendants asserted that because Plaintiff's Complaint references an alleged "resulting trust" that was "extinguished by the mutual releases in the parties' pre-petition settlement agreement," Plaintiff's resulting trust positions are "devoid of legal and factual basis."[45]

---

[39] *In re Calder*, 93 B.R. 739, 740 (Bankr. D. Utah 1988); *Rodriguez v. Smith* (*In re Rodriguez*), 652 B.R. 750, 760 (Bankr. S.D. Tex. 2023); *In re Burrell*, 148 B.R. 820, 824 (Bankr. E.D. Va. 1992).
[40] *In re Cochener*, 382 B.R. at 328.
[41] ECF No. 62.
[42] FED. R. BANKR. P. 9011(b)(2); ECF No. 79.
[43] Nov. 7, 2024 - Courtroom Hearing; ECF No. 147.
[44] ECF No. 62 at 5, 13; *see also* ECF No. 88 at 11.
[45] ECF No. 79 at 3-5.

Assertion of a violation of Rule 9011 is not something to be taken lightly: "[r]eceiving sanctions signals a severe lack of professionalism and inflicts lasting damage to a lawyer's credibility. . . . [t]hey must be reserved for transgressions so severe that action is needed to deter future misconduct and protect the public."[46] Given the severity of the assertions made in the Motion for Sanctions and the complexity of the legal and factual issues involved, the Court finds that Defendants knew or should have known that Plaintiff's counsel would have had to expand considerable resources to defend the Motion for Sanctions.

Furthermore, the Motion for Sanctions was filed on March 13, 2024,[47] Plaintiff's Objection to Sanctions was filed on April 3, 2024,[48] and both parties submitted witness and exhibit lists two days before the May 17, 2024 hearing on the Motion for Sanctions.[49] Thus, the Defendants had ample time to decide whether to withdraw the Motion For Sanctions before the hearing on it. Yet, Defendants waited until the moment the matter was called at the hearing to inform the Court and parties that it was withdrawing the Motion for Sanctions.[50] Although they defended the merits of the Motion for Sanctions at the November 7, 2024 show cause hearing, Defendants failed to provide any explanation as to why they withdrew the Motion for Sanctions without notice.[51] Accordingly, the Court finds that by filing a motion that asserts serious allegations against Plaintiff and its counsel, and then withdrawing the motion minutes before Plaintiff had an opportunity to address the allegations in open court, causing Plaintiff to unnecessarily expend resources in mounting a defense, Defendants have deliberately abused the judicial process.[52] For these reasons,

---

[46] *Keller v. Sierra-Cedar, LLC*, No. 4:22-CV-00013, 2023 U.S. Dist. LEXIS 216435, at *1 (M.D. Pa. Dec. 5, 2023).
[47] ECF No. 79.
[48] ECF No. 88.
[49] ECF No. 96–98.
[50] May 17, 2024 Courtroom Hearing.
[51] Nov. 7, 2024 Courtroom Hearing.
[52] *See Cadle Co. v. Moore* (*In re Moore*), 739 F.3d 724, 730 (5th Cir. 2014); *In re Collins*, 250 B.R. 645, 659 (Bankr. N.D. Ill. 2000) (imposing sanctions for abuse of process under §105(a)).

the Court finds that Defendants acted in bad faith and should be sanctioned pursuant to § 105(a)

and this Court's inherent authority. The Court will enter a separate order directing Plaintiff to file

an application for its fees and expenses incurred in its defense to the Motion for Sanctions.

## IV.    CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket

simultaneously herewith.


SIGNED December 17, 2024


_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge