Case 23-07002   Document 284   Filed in TXSB on 09/24/25   Page 1 of 11

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
September 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | **CASE NO: 23-70028** |
| **GARCIA GRAIN TRADING CORP.,** | § § | **CHAPTER 11** |
| Debtor. | § § | |
| | § | |
| **GARCIA GRAIN TRADING CORP. and THE GARCIA GRAIN CHAPTER 11 PLAN TRUST,** | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | **ADVERSARY NO. 23-7002** |
| **RODOLFO PLASCENCIA, SR. and WNGU PROPERTIES, LLC,** | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Rodolfo Plascencia, Sr., and WNGU Properties, LLC ("*Defendants*") seek emergency relief for a stay pending appeal of the Bankruptcy Court's Order[1] signed on August 21, 2025, ordering the payment of $35,650.15 in reasonable attorneys' fees and costs to Garcia Grain Trading Corp. ("*Plaintiff*") no later than September 22, 2025. If Defendants fail to make this payment on time the Court may issue an order to show cause as to why Defendants should not be held in civil contempt of this Court. On September 17, 2025, the Court held an evidentiary hearing and for the reasons stated herein, the emergency motion seeking a stay pending appeal is denied.

### I. JURISDICTION, VENUE & CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related

---
[1] ECF No. 239.

to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[2] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) this proceeding involves primarily core matters as it "concern[s] the administration of the estate."[3] Furthermore, this Court may only hear a case in which venue is proper.[4] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Defendants' main chapter 11 case is presently pending in this Court and therefore, venue of this proceeding is proper.

The pending dispute before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Accordingly, this Court concludes that the narrow limitation imposed by *Stern v. Marshall* does not prohibit this Court from entering a final order here.[5] Thus, this Court wields the constitutional authority to enter a final order here.

## II. BACKGROUND

1. On March 13, 2024, Defendants filed a single pleading self-styled as "Defendants' Motion For Sanctions Against Plaintiff And Plaintiff's Counsel Including Under Rule 9011" ("*Motion for Sanctions*").[6]

---

[2] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

[3] 11 U.S.C. § 157(b)(2); *see also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").

[4] 28 U.S.C. § 1408.

[5] *See, e.g.*, *Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis)*, No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect.' We decline to extend *Stern's* limited holding herein.") (citing *Stern v. Marshall*, 564 U.S. 462, 503 (2011)).

[6] ECF No. 79.

2. On April 2, 2024, Garcia Grain Trading, Corp. filed "Plaintiff's Objection And Response To Defendant's Motion For Sanctions Against Plaintiff And Plaintiff's Counsel Including Under Rule 9011 ("*Objection*")."[7]

3. On April 3, 2024, Plaintiff filed "Plaintiff's Amended Objection And Response To Defendant's Motion For Sanctions Against Plaintiff And Plaintiff's Counsel Including Under Rule 9011" ("*Amended Objection*").[8]

4. On April 9, 2024, Defendants filed "Defendants' Reply To The Plaintiff's Amended Objection And Response To The Defendants' Motion For Sanctions Against Plaintiff And Plaintiff's Counsel Including Under Rule 9011" ("*Defendants' Reply*").[9]

5. On April 11, 2024, this Court issued its order setting an in person hearing for May 17, 2025, in McAllen, Texas, wherein the Court ordered that "Counsel for Defendants Rodolfo Plascencia Sr. and WNGU Properties, LLC and counsel for Plaintiff Garcia Grain Trading Corp. must appear in person" ("*Order for In Person Hearing*").[10]

6. On May 14, 2024, Defendants filed their Witness & Exhibit List for the May 17, 2024, hearing on the Motion for Sanctions and "Defendants' 12(b)(6) Motion to Dismiss" ("*Motion to Dismiss*").[11]

7. On May 17, 2024, the Court held a hearing on the Motion for Sanctions wherein the Court ordered fee shifting as against Defendants and further directed Plaintiff to file its fee application ("*Fee Shifting Order*").[12]

8. On May 31, 2024, Plaintiff filed its "Application For Fees And Expenses Associated With Its Defense Of The Motion For Sanctions Filed By Defendants" ("*Fee Application*").[13]

9. On June 20, 2024, Defendants filed "Defendants' Objections And Response To Debtor's Application For Fees And Expenses Associated With Debtor's Defense Of The Motion For Sanctions Filed By Defendants" ("*Objections to Fee Application*").[14]

10. On July 8, 2024, the Court issued its order setting a hearing on the Fee Application for August 2, 2024.[15]

---

[7] ECF No. 87.
[8] ECF No. 88.
[9] ECF No. 90.
[10] ECF No. 91.
[11] ECF No. 96.
[12] May 17, 2025, Min. Entry.
[13] ECF No. 102.
[14] ECF No. 108.
[15] ECF No. 113.

11. On July 16, 2024, Plaintiff filed "Plaintiff's Reply To Defendants' Objections And Response To Plaintiff's Application For Fees And Expenses Associated With Its Defense Of The Motion For Sanctions Filed By Defendants" ("*Reply to Objections to Fee Application*").[16]

12. On August 1, 2024, the Court issued an order cancelling the August 2, 2024, hearing and instead issued its show cause order for September 6, 2024, wherein Rodolfo Plascencia, Sr. and WNGU Properties, LLC were to show cause as to why the Court should not order fee shifting as against Rodolfo Plascencia, Sr., and WNGU Properties, LLC, for its acts related to withdrawing, without notice, its Motion for Sanctions as against Garcia Grain Trading Corp. and its counsel Mr. David Langston on the date of the scheduled hearing that occurred on May 17, 2024.[17]

13. On September 6, 2024, and upon the unopposed request of Defendants, the Court issued an order rescheduling the September 6, 2024, hearing to November 7, 2024.[18]

14. On November 4, 2024, Defendants filed their "Response In Opposition To Show Cause Order" ("*Response to Show Cause Order*").[19]

15. On November 5, 2024, Defendants and Plaintiff filed their respective Witness & Exhibit Lists.[20]

16. On November 7, 2024, the Court held a hearing and took the matter under advisement.[21]

17. On December 17, 2024, this Court issued its Memorandum Opinion and Order.[22]

18. On January 7, 2025, Plaintiff filed its "Supplemented Application For Fees And Expenses Associated With Its Defense Of The Motion For Sanctions Filed By Defendants" ("*Supplemental Fee Application*").[23]

19. On July 8, 2025, the Court issued its order setting a hearing on Plaintiff's Fee Applications for August 13, 2025.[24]

20. On August 13, 2025, the Court held a hearing.[25]

21. On August 21, 2025, after an evidentiary hearing held on August 13, 2025, the Court issued an order which, *inter alia,* required Defendants to:

---

[16] ECF No. 116.
[17] ECF No. 122.
[18] ECF No. 132.
[19] ECF No. 139.
[20] ECF Nos. 140 and 141.
[21] November 7, 2024, Min. Entry.
[22] ECF Nos. 155 and 156.
[23] ECF No. 163.
[24] ECF No. 218.
[25] August 13, 2025, Min. Entry.

>    [n]o later than Monday, September 22, 2025 Rodolfo Plascencia, Sr. and WNGU Properties, LLC, jointly and severally must tender a certified check in good and sufficient funds in the amount of $35,650.15 made payable to Garcia Grain Chapter 11 Plan Trust, failure of which may be cause for this Court to issue further orders including an order to show cause why Rodolfo Plascencia, Sr. and WNGU Properties, LLC should not be held in civil contempt of this Court.[26]

22. On September 10, 2025, Defendants filed their "Emergency Motion for Stay Pending Appeal" ("*Emergency Motion for Stay*").[27]

23. On September 16, 2025, Plaintiff filed its "Objection and Response to Defendants' Emergency Motion for Stay Pending Appeal" ("*Objection to Stay*").[28]

24. On September 17, 2025, the Court held an evidentiary hearing and now issues the instant Memorandum Opinion and accompanying Order.

### III.  ANALYSIS

**A. Whether a stay of this Court's August 13, 2025, order should be granted**

Importantly, at the request of Defendants, this Court issued an order stating that "the Court will conduct an electronic evidentiary hearing on Plaintiff's Emergency Motion to Strike Defendant's Motion for Leave to Appeal and Notice of Appeal, ECF No. 267, before the United States Bankruptcy Court, McAllen Division."[29] Thus, Defendants were on notice that they were expected to be prepared and present witnesses and evidence in support of their Emergency Motion for Stay.[30] Nevertheless, Defendants failed to file any witness or exhibit list and relied solely on legal arguments at the hearing.

In their Emergency Motion for Stay, Defendants request that this Court issue a stay of the September 22, 2025, payment deadline pending appeal.[31] "A stay pending appeal is an

---

[26] ECF No. 239 at 14, ¶ 6.
[27] ECF No. 259.
[28] ECF No. 266.
[29] ECF No. 268 (emphasis added).
[30] ECF No. 259.
[31] ECF No. 259 at 2.

extraordinary remedy, reserved for only limited circumstances."[32] To prove the propriety of a stay pending appeal, the movant must establish the following elements: (1) substantial likelihood of success on the merits of its appeal; (2) irreparable injury if the stay is not granted; (3) the stay will not harm other parties; and (4) the stay would serve the public interest.[33] The Fifth Circuit does not require a moving party to satisfy all four prongs of the test.[34] However, the party seeking the stay bears the burden of proof by a preponderance of the evidence.[35] Here, Defendants have the burden of proof. The Court will next consider each in turn.

### B. Substantial likelihood of success on appeal

Defendants must establish a substantial likelihood of success on the merits of their appeal.[36] If the appeal involves a serious legal question and the balance of equities weighs heavily in favor of granting the stay, Defendants may establish this factor by presenting a substantial case on the merits.[37] Defendants assert that "there is prima facie case of lack of bad faith on which to base the sanction at issue. Defendants' counsel [Mr. Antonio Villeda] informed opposing counsel days before the hearing of the intention to withdraw the motion for sanctions, as Mr. Villeda expressly stated during the initial hearing,"[38] to wit:

| | |
|---|---|
| MR. VILLEDA: | No, Your Honor. I had actually told him about it, that I was going to do that, Your Honor. |
| THE COURT: | Well, you haven't done it. |
| MR. VILLEDA: | Well, I told him – |

---

[32] *Smith v. Smith*, 2022 U.S. Dist. LEXIS 150619, at *3 (W.D. Tex. 2022).
[33] *In re Dernick*, No. 18-32417, 2019 WL 236999, at *5-6 (Bankr. S.D. Tex. Jan. 16, 2019).
[34] *In re First S. Sav. Assoc.*, 820 F.2d 700, 709 n.10 (5th Cir. 1987); *see also In re Mounce*, No. 03-55022, 2008 Bankr. LEXIS 4797, 2008 WL 2714423 at *4-6 (Bankr. W.D. Tex. July 10, 2008).
[35] *Collier v. Hodge*, No. 15-CV-2119, 2015 U.S. Dist. LEXIS 111242, 2015 WL 5016485, at *3 (W.D. La. Aug. 21, 2015).
[36] *In re Dernick*, 2019 WL 236999, at *6-7.
[37] *Id.*; *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).
[38] ECF No. 259 at 5, ¶ 18.

| | |
|---|---|
| THE COURT: | It's a live pleading before me now. |
| MR. VILLEDA: | Well, Your Honor, I had mentioned that to him, Your Honor. Again, Your Honor, like if they had to be with prejudice, that's fine because again, if we deal with this again, Your Honor, it would be in an Amended Complaint. It's not going to be obviously the same motion. It's not going to be hanging over his head, Your Honor.[39] |

What Defendants fail to mention is the exchange that took place between them and the Court prior to the above referenced exchange, to wit:

| | |
|---|---|
| MR. VILLEDA: | Now moving to the motion for sanctions, Your Honor, I'd like to withdraw that, Your Honor, without prejudice. So obviously depending on what the Court rules on this and we have to deal with another complaint, we can deal with it then. So with the Court's permission, I'd like to withdraw that motion without prejudice, Your Honor. |
| THE COURT: | Mr. Langston? |
| MR. LANGSTON: | Your Honor, we don't want any motion for sanctions hanging over our head in this case. We've got plenty of business we need to take care of. If he's going to bring allegations like this that impinge upon my honor and impinge upon my duty as a member of the Bar, then he needs to go ahead and proceed and provide the evidence and the argument to this Court showing that he's entitled to that relief. |
| MR. VILLEDA: | Your Honor, surely not --- obviously a motion for sanction, I can understand his reaction, but this is surely not anything personal against him, Your Honor. In fact, that's why intentionally in the exhibits, I just put the settlement agreement. I didn't put any attorney's fees or anything like that because that's not the intent. It's my right, Your Honor. It's my motion, I do withdraw it. It's not going to be hanging over his head. It's withdraw. If the Court -- |
| THE COURT: | Okay. I will allow you to withdraw it, but I'm going to order fee shifting in this case. Since Mr. Langston had to respond to it and appear at this hearing and brought witnesses and incurred expenses in it. |
| MR. VILLEDA: | Well, Your Honor -- |
| THE COURT: | You just can't show up at a hearing and withdraw a motion when somebody has already prepared for the hearing.[40] |

---

[39] *See* Transcript ECF No. 105 at 5:14-25.
[40] *See* Transcript ECF 105 at 4:4-5:13.

To take a position, as Defendants do here, that "[t]here is prima facie case of lack of bad faith on which to base the sanction at issue"[41] based on the above exchange with the Court is disingenuous at best, and just outright wrong. The Court ordered the parties to appear in person causing Plaintiff's Counsel to travel from Lubbock, Texas, to McAllen, Texas, and incur substantial expenses in not only responding to the Motion for Sanctions, but preparing for, traveling to, and appearing at the hearing. Providing advance notice of their intent to withdraw their Motion for Sanctions but not in fact withdrawing it prior to the hearing clearly caused Plaintiffs to incur substantial expenses and expend substantial time in preparing and defending a serious matter that remained live on the Court's docket.

Defendants also contend that if they have not made a prima facie case for "lack of bad faith,"[42] they alternatively have a substantial case on the merits involving a serious legal question with the balance of equities weighing heavily in favor of granting the stay.[43] But Defendants have failed to present any evidence showing that this sanction dispute involves a serious legal question, or that the balance of equities tips in favor of granting the stay.

Defendants also argue that the $35,650.15 in damages ordered by the Court[44] is incommensurate with the nature of the violation and should be reduced.[45] But this Court has already determined that $35,650.15 is the reasonable and necessary cost of defending against the Motion for Sanctions.[46] Defendants have failed to show why this amount is improper.

---

[41] ECF No. 259 at 5.
[42] ECF No. 259 at 5.
[43] ECF No 259 at 10-11.
[44] ECF No. 239 at 8.
[45] ECF No. 259 at 9-10.
[46] ECF No. 239 at 8; *see also Schermerhorn v. CenturyTel, Inc.*, 450 B.R. 637, 657 (Bankr. S.D. Tex. 2011).

Defendants provided absolutely no evidence or witnesses whatsoever in support of this factor. Accordingly, Defendants have not established a substantial likelihood of success on their appeal.

### C. Whether Defendants will suffer irreparable harm if the Court denies a stay

Defendants must show that they will suffer irreparable harm if this Court denies the stay.[47] Defendants assert that "[g]iven the probable future insolvency of said Chapter 11 Plan Trust and/or Debtor, there is an absence of an available remedy by which the Movants can later recover monetary damages."[48] Instead of providing witness testimony and documentary evidence, Defendants merely assert that the harm may render the appeal moot.[49] Nevertheless, the "mere possibility that an appellate court would find [Defendants'] appeal equitably moot is insufficient as a matter of law to establish irreparable injury."[50]

Again, Defendants provided absolutely no evidence or witnesses whatsoever in support of this factor. Accordingly, Defendants have not established that they will suffer irreparable harm if the stay pending appeal is denied.

### D. Whether a stay pending appeal would harm other parties

Defendants must demonstrate that a stay pending appeal will not substantially harm the other parties.[51] Defendants assert that "[n]o *substantial* harm will be realized by Debtor from the stay. The only even arguable harm to Debtor is that additional time will pass as a result of the appeal."[52] However, it stands to reason that if the stay is granted Plaintiff will have to spend

---

[47] *In re Dernick*, 2019 WL 236999, at *10.
[48] ECF No. 259 at 12, ¶ 40.
[49] ECF No. 259 at 13, ¶ 43.
[50] *In re Marioneaux*, 2022 Bankr. LEXIS 3132, at *7 (Bankr. W.D. La. 2022) (citing *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 682 (Bankr. S.D.N.Y. 2016), *aff'd*, 562 B.R. 211 (S.D.N.Y. 2016)); *In re Vill. at Camp Bowie I, L.P.*, No. 10-45097, 2012 Bankr. LEXIS 102, at *5 (Bankr. N.D. Tex. Jan. 11, 2012).
[51] *In re Dernick*, 2019 WL 236999, at *11.
[52] ECF No. 259 at 14, ¶ 44.

additional resources litigating the fee dispute, which would drain funds from the Chapter 11 Plan Trust.

Again, Defendants provided absolutely no evidence or witnesses whatsoever in support of this factor. Accordingly, Defendants failed to establish that Plaintiff will not be substantially harmed if a stay pending appeal is not granted.

### E. Whether public interest favors a stay

Defendants must show that granting the stay would be in the public's interest.[53] Defendants assert that "[s]howing a lack of harm to the public interest is easily done here due to the likelihood of success on the merits and irreparable injury."[54] The Court disagrees and finds that the public interest instead supports denial of a stay because there has been no showing that Defendants will prevail on the merits. Furthermore, granting the stay would delay resolution of this case which is contrary to the bankruptcy system's public policy of the orderly administration of the debtor's assets.[55]

Again, Defendants provided absolutely no evidence or witnesses whatsoever in support of this factor. Accordingly, the Court finds that Defendants have failed to demonstrate that the granting of a stay pending appeal would be in the public's interest. Defendants have failed to meet even a single factor in this emergency proceeding that they requested.[56] Accordingly the Emergency Motion for Stay will be denied.

Defendants and their counsel are admonished to comply with the Federal Rules of Evidence in any matter that this Court sets for evidentiary hearing, failure of which Defendants and their

---

[53] *In re Dernick*, 2019 WL 236999, at *12.
[54] ECF No. 259 at 14, ¶ 45.
[55] *Stone v. Ozcelebi (In re Ozcelebi)*, Nos. 20-70295, 22-7004, 2022 Bankr. LEXIS 1375, at *18 (Bankr. S.D. Tex. May 13, 2022).
[56] ECF No. 259.

counsel may be subject to further orders of this Court including an order for show cause as to why they should not be held in civil contempt of this Court and subject to sanctions under this Court's inherent powers and statutory authority provided by 11 U.S.C.A. § 105(a).

### V. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED September 24, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge